IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

THOSHA ALLISON,

         Petitioner,

    v.

WARDEN, MADISON
CORRECTIONAL INSTITUTION,

    Respondent.

CASE NO. 2:12-CV-634
JUDGE SMITH
MAGISTRATE JUDGE ABEL

### REPORT AND RECOMMENDATION

Petitioner Tosha Allison, a state prisoner, brings this action for a writ of habeas corpus under 28 U.S.C. § 2254.  This matter is before the magistrate judge on the petition, respondent's *Motion to Dismiss,* petitioner's *Response*, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss*, Doc. No. 6, be **GRANTED** and that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

This action involves petitioner's challenge to actions of the Ohio Parole Board in regard to petitioner's August 15, 1989, incarceration on six to fifteen years for an Allen County robbery conviction and his December 7, 1989, sentenced to an additional six to twenty-five years on a Seneca County aggravated robbery conviction; a six to fifteen year sentence on a Franklin County robbery conviction, and a six to twenty-five year sentence on aggravated robbery conviction plus a three year firearm specification.  All of the foregoing sentences were to be served concurrently to each other.  Petitioner's maximum expiration of sentence was computed to be November 11, 2017.  *Exhibit 1 to Motion to Dismiss*.  Petitioner was released on parole in July 1998; however, he was re-admitted to prison in November 1999, on additional charges of

1

aggravated robbery, kidnapping, aggravated burglary, and having a weapon while under disability. His maximum expiration of sentence on these new charges was computed to be November 10, 2022. On August 18, 2000, petitioner appeared before the parole board for a mitigation hearing. His parole was revoked and, on May 11, 2011, his prior sentence on the new charges was reduced such that his new maximum expiration of sentence was calculated to be November 10, 2020. *Exhibits 1F, 1 to Motion to Dismiss*. On July 27, 2011, petitioner appeared before the parole board for a hearing. His parole was continued to July 1, 2014. *Exhibit 7 to Motion to Dismiss.* In 2012, petitioner wrote a letter to Cynthia Mauser, Chair of the Ohio Parole Board, arguing that his mitigation hearing was untimely and challenging the calculation of his maximum release date. *Exhibit 8 to Motion to Dismiss*.

On July 16, 2012, petitioner filed this action for a writ of habeas corpus under 28 U.S.C. § 2254. Petitioner asserts that he was denied due process because the Ohio Adult Parole Authority failed to provide him with a timely mitigation hearing prior to revocation of his parole, and did not release him (claim one); and that the parole board usurped judicial authority by changing his release dates and extending his sentence beyond 2017 (claim two). It is the position of the respondent that this action must be dismissed as barred by the one-year statute of limitations.

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996, which became effective on April 24, 1996, provides for a one-year statute of limitations on the filing of habeas corpus actions. 28 U.S.C. § 2244(d)(1) provides:

> (d) (1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of-

2

>   (A) the date on which the judgment became final by the conclusion of dir2ect review or the expiration of the time for seeking such review;
>
>   (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>   (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1),(2).

Petitioner challenges the authority of the Ohio Parole Board to extend the term of his maximum date of release from 2017 to 2020 based on his conviction on a firearm specification, and parole board's authority to revoke his parole on August 18, 2000, without holding a timely mitigation hearing where petitioner could have presented evidence regarding mistaken identity. *See Petitioner's Response.* The United States Court of Appeals for the Sixth Circuit has held that, "[u]nder Ohio Admin. Code § 5120:1-1-18(B), a parole revocation hearing becomes final when a hearing officer for the Ohio Adult Parole Authority determines that the defendant violated the conditions of his release and, therefore, the revocation sanction should be imposed." *Klopp v. Wolfe*, 8 Fed.Appx. 444, 446 (6th Cir. 2001). Here, that date was August 18, 2000.

3

Further, petitioner has failed to set forth any reason to justify equitable tolling of the statute of limitations. Plainly, therefore, this action is time-barred.

Moreover, even assuming, *arguendo*, that were not the case, the record before this court demonstrates that petitioner has not exhausted his state court remedies. This action is subject to dismissal on this basis as well. *See, e.g., Papenfus v. Tibbals*, 289 F.Supp.2d 897, 900-901 (N.D. Ohio 2003)(claim of improper parole revocation unexhausted where petitioner failed to attempt to raise the claim in Ohio courts through a petition for a writ of mandamus or a petition for a writ of habeas corpus).

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that respondent's *Motion to Dismiss,* Doc. No. 6, be **GRANTED** and that this action be **DISMISSED**.

**Procedure on Objections:**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days, file and serve on all parties a motion for reconsideration by the Court, specifically designating this *Report and Recommendation*, and the part thereof in question, as well as the basis for objection thereto. 28 U.S.C. § 636(b)(1) (B); Rule 72(b), Fed.R.Civ.P.

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to de novo review by the District Judge and waiver of the right to appeal the judgment of the District Court. *Thomas v. Arn*, 474 U.S. 140, 150–52 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also, Small v. Secretary of Health and Human Services*, 892 F.2d 15, 16 (2d Cir. 1989).

                                                s/Mark R. Abel
                                                Magistrate Judge Mark R. Abel